IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HAKIM VALORE,

                Plaintiff,

v.

T. MAASSON and DEBRA TIDQUIST,

                Defendants.

ORDER

20-cv-1064-jdp

Pro se plaintiff Hakim Valore is proceeding on claims against staff at Jackson Correctional Institution. Deadlines loom, but it appears that Valore has abandoned the case.

On March 10, 2023, defendants moved for partial summary judgment on exhaustion grounds. Dkt. 37. Valore did not respond to that motion by the court-ordered deadline and did not ask for an extension. On July 17, 2023, defendants moved to dismiss the case for Valore's failure to prosecute it, arguing that Valore failed to respond to their summary judgment motion and comply with discovery requests they had sent him on February 28 and July 7, 2023. Dkt. 42. Defendants say that their discovery requests were not returned as undeliverable, which suggests that Valore received them. Valore did not respond to the motion to dismiss by the court-ordered deadline of August 9, 2023.

According to defendants, the Wisconsin Offender Locator website shows that Valore was released on extended supervision on November 1, 2022. Valore's probation officer provided court staff with Valore's new address on January 4, 2023. Valore appeared at the February 28, 2023 preliminary pretrial conference, but he has not made contact with defendants or the court since then.

Dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute is appropriate only in extreme circumstances. *See Palmer v. City of Decatur*, 814 F.2d 426, 428 (7th Cir. 1987). But I conclude that dismissal with prejudice is appropriate here. Valore has not filed anything with the court in several months. He did not respond to defendants' motion for partial summary judgment or motion to dismiss, and his failure to participate in discovery has prevented defendants from preparing a full and adequate defense. Moreover, the court gave Valore an explicit warning that his claims would be dismissed for his failure to prosecute them if defendants or the court are unable to locate him. Dkt. 10, at 8.

Accordingly, Valore's claims in this case are DISMISSED with prejudice for his failure to prosecute them. The clerk of court is directed to enter judgment for defendants and close this case.

Entered August 21, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge